The opinion of the Court was delivered by
WhitNer, J.
The grounds of appeal suggest two prominent inquiries: Whether the action could be maintained on the case made by plaintiff, and whether a title paramount in the defendants was not established.
The action was case for overflowing lands, and in reference to title, I will, first, briefly consider what was incumbent on the plaintiff. Her possession of the premises was beyond dispute, and it is equally clear that this possession was invaded by the act complained of. There is nothing in such a case to prevent the application of the familiar rule, that possession affords presumptive evidence of title. Analogous to the action of trespass clausumfregit, the possession of granted land is sufficient to maintain the action, and when shown, the onus is devolved on the defendant to establish title paramount, or at least is sufficient to put him to proof to justify his act. In Mims vs. Weathersbee, 2 Strob. 184, an action of like kind with this, the same doctrine was maintained. A tenant in possession may maintain his action for such damage to his possession. (Com. Dig. Action on case B. 304.)
The bond set up by this plaintiff served as color of title, and a possession under it for more than twenty years was sufficient to authorize the presumption of a grant. The metes and bounds were sufficiently defined, and the possession of Glover, succeeded by his widow and daughter, who had intermarried with Marsh, each representing the same claim, may well be tacked together for the purpose of such presumption.
Without any violence to the doctrine on this subject, the subsequent possession of Purvis and Sealy and others, down to the plaintiff, may be added, and thus united, constitute a period, sufficient twice told for such presumption. But the defendants *429 insist on their paramount title derived from William Swift, as also from Jesse Rountree, to each of whom grant had issued— each, as is claimed, covering the land in question, the former being the senior. There is some difficulty as to the precise proof adduced on this branch of the case, the attention of the presiding Judge not having been pointed to the several links in the alleged chains, because of the supposed understanding between counsel. Enough is seen, however, to satisfy this Court that any objection to the recovery on these grounds must be unavailing. Apart from all questions arising upon the true location of the Swift grant and the probable exception of this very tract in the conveyance by the Mechanics’ Bank of Augusta upon a just understanding and correct location thereof, a statutory title has been acquired as against any title which might have been derived from either source.
Each occupant of this land claimed in his own right, and whether we regard the possession of Glover, or the possession of Marsh and wife, the statutory bar was complete. The bond from Rountree sufficiently defined the limits, and the possession of Glover claiming as a purchaser and in the actual undisturbed enjoyment for seventeen years, connected as it may be with the subsequent possession of his heirs at law some twelve or thirteen years additional, places this branch of the case beyond cavil. Again, Marsh, .when he entered in 1826, caused the lands to be surveyed by Blocker, whose plat still more clearly defining the boundaries, was certified 16th June, 1827, and he, Marsh, continued in possession down to 12th October, 1837, a period itself of more than ten years.
But it is insisted that by the terms of the contract between Glover and Rountree, there was a condition precedent that would save the operation of the statute, and at least negative the conclusion that the possession was adverse, to wit: The title was to be made when a plat was procured. Analogies are sought between this, and one who enters under a conditional agreement to purchase, or where possession is obtained under a contract to purchase, where by the terms of the contract the purchaser is post *430 poned as to his title until the consideration moving to the contract is performed by himself. In such cases there is reason and propriety for the conclusion that such possession prima facie should be regarded as permissive. But the analogies do not hold. Here there was no future benefit secured to the obligor. Neither the terms of the contract nor subsequent facts show any continuing acknowledgment of title in Rountree, or assertion of title by him, or that the possession was subordinate. There is nothing, then, to exclude the usual inference, now grown into a rule, that where one is in possession of land, he is considered as holding adversely until the contrary is shown. Much less can this doctrine be successfully assailed where all the facts tend to the same conclusion, that the possession in this case was clearly adverse in its character.
Whatever may be the peculiar hardship of this particular case, the recovery is too well fortified by law and evidence to authorize any disturbance of the verdict.
The motion for a new trial is dismissed.
O’Neall, Wardlaw, Withers, Glover and Munro, JJ., concurred.

Motion dismissed.